## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AHMAD MOBARAKZADEH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No. CIV-03-1534-M |
| ) | |
| LUCENT TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the court for determination is the motion of Defendant, Lucent
Technologies, Inc. ("Lucent"), for a protective order regarding Plaintiffs' Rule 30 (b)(6),
Fed.R.Civ.P., notice of deposition [Doc. Nos. 93 and 94].[1]  Plaintiffs have filed their
response [Doc. No. 96], and the matter is at issue.

## Plaintiffs' Claim

Following disposition of various pretrial motions and the dismissal of all other
named Defendants, the only remaining claim in this action is for Lucent's alleged breach
of its contract with Plaintiffs.  Specifically, Plaintiffs, former employees of Lucent who
held management positions, contend that in exchange for their agreements to be
promoted into management positions from union contract positions, Lucent promised
that Plaintiffs would be able to return to bargaining unit IBEW Local 2021 under certain
terms and conditions [Doc. No. 1, Exhibit 2, Petition, ¶¶ 39-40].  Plaintiffs maintain that
they subsequently expressed their wishes to be returned to the bargaining unit, all terms
and conditions having been met, but that Lucent advised that they could not return,

---

[1]This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 [Doc.
No. 95].

thereby causing Plaintiffs a loss of income.  *Id.* at ¶¶ 41 - 42.

**Lucent's Motion for Discovery Protection**

### Designated Deposition Subject Areas

Lucent argues that certain of the deposition subjects designated by Plaintiffs fail to "describe with reasonable particularity the matters on which examination is requested." Rule 30 (b)(6), Fed.R.Civ.P.  Specifically, Lucent points to numbers 1(A) and 1(B) of Plaintiffs' deposition notice, Doc. No. 94, Exhibit 1, which, respectively, request the testimony of a Lucent representative/representatives who is familiar with "[e]ach and every answer, admission, denial, qualified admission, or affirmative defense set forth in Defendant's *Answer* in response to the Plaintiffs' *Petition* [and] [e]ach and every answer, admission, denial, document production, or qualified admission set forth in response to the *Initial Disclosures*, *Interrogatories*, *Requests for Production*, and *Requests for Admissions* and supplemental documents served on the Defendant by the Plaintiffs." *Id.* at page 1.

It is Lucent's general contention that these subject areas in the deposition notice are so overly broad and all inclusive as to be burdensome and oppressive.  By way of example, Lucent points to its answer to Plaintiffs' petition and the eighteen paragraphs in which Lucent made various admissions, denials, qualified admissions, and qualified denials in response to Plaintiffs' allegations, many of which have no bearing on the substantive issues remaining in this case.  The same holds true, according to Lucent, with respect to Lucent's responses to Plaintiffs' requests for admissions.

Lucent further claims that it makes little sense for Lucent to produce a witness to

testify about matters which it has already admitted by answer or in responding to Plaintiffs' admissions requests.  As to a witness or witnesses who would be prepared to testify in connection with all documents produced by Lucent to Plaintiffs, Lucent contends that it is unable to determine what type of witness or witnesses should be designated as Plaintiffs' notice fails to specify the type of information which Plaintiffs are seeking with regard to Lucent's document production, i.e., information about the substance of a particular document or authentication of a document or both.

Moreover, with respect to the request for a representative to testify regarding Lucent's responses to Plaintiff's interrogatories, Lucent argues that it expressly stated in its interrogatory responses that its objections to the interrogatories were drafted by counsel and that the answers were prepared based on information provided by certain named current and former management personnel.  Therefore, according to Lucent's argument, Plaintiffs have had the opportunity to depose the named individuals and to obtain the information now sought through a designated corporate representative.

Lucent concludes its argument on the deposition subjects specified by Plaintiffs by underscoring its contention that numbers 1(A) and (B) of the notice are overly broad and should be stricken from the notice.  Parenthetically,  Lucent also contends that the same is true of numbers 1(C), 1(E), 1(F) and 1(G) of Plaintiffs' deposition notice.

Plaintiffs respond to this portion of Lucent's motion arguing that Lucent must do more than generally assert that the discovery sought by a party is overly broad, burdensome and oppressive and must, instead, treat each severable discovery request with specificity.  With respect to Lucent's contention that Plaintiffs are not entitled to

discovery regarding matters admitted by Lucent, Plaintiffs argue that the facts upon which Lucent relied in making an admission are relevant and discoverable, offering as an example Lucent's admission in its answer that Plaintiffs could not return to the bargaining units.  Plaintiffs contend that they are clearly entitled to discover Lucent's justification for not allowing the return.

Plaintiffs also take issue with Lucent's argument that Plaintiffs have already had the opportunity to obtain the information they now seek from a corporate representative through the depositions of those individuals identified by Lucent as having provided the information utilized in formulating interrogatory responses.  Plaintiffs maintain that only a designated representative of Lucent can offer testimony which binds the Defendant.

Upon review of Plaintiffs' notice of deposition and of the parties' arguments regarding the same, the court concludes as follows:

1. In connection with number 1(A) of the deposition notice, Lucent's motion for protective order is granted to the extent that it is not required to designate a corporate representative to testify with regard to the type of matters – jurisdictional and background  -- addressed in paragraphs 1 through 14  of its answer or with the legal defenses raised by its affirmative defenses.  The motion is denied with respect to the factual basis of any affirmative defense and with respect to paragraphs 15 through 18 of Lucent's answer, the paragraphs which relate to the factual basis of Plaintiff's claim.  Specifically with respect to paragraph 17 of Lucent's answer and the admission contained therein, the court concludes that an

admission by a party, while conclusive at trial, does not foreclose the opposing party's right to discovery with respect to the subject of the admission.

2.   With respect to number 1(B) of the deposition notice, Lucent's motion for protective order is granted in part. To the extent that Plaintiffs request a corporate representative familiar with "[e]ach and every . . . document production . . . set forth in response to the *Initial Disclosures, Interrogatories, Requests for Production,* and *Requests for Admissions* and supplemental documents served on the Defendant by the Plaintiffs", Doc. No. 94, Exhibit 1, page 1,  Plaintiffs' request is both vague and burdensome. As Lucent argues, it is impossible to determine from the request whether a corporate representative is sought to testify about the substance of a document or as to its authenticity or both.  Consequently, the request imposes an unnecessary burden upon  Defendant.  With the exception noted below, as to the remainder of Plaintiffs' number 1(B), and having reviewed Lucent's interrogatory responses, Doc. No. 94, Exhibit 2, the court grants Lucent's motion, concluding that its ruling in connection with Plaintiffs' 1(A) request will allow Plaintiffs to depose, and consequently bind, a corporate representative(s) who is knowledgeable as to the factual basis both of Lucent's denials and admissions whether made in its answer, in admissions or in interrogatory responses.  Lucent's motion is denied, as in number 1(A), *supra,* with respect to the Plaintiffs' right to discovery as

5

to the subject matter of an admission made by Lucent.

3.    Lucent's parenthetical request for a protective order with respect to item numbers 1(C), 1(E), 1(F) and 1(G) of the deposition notice is generally denied. Lucent's primary argument with respect to these deposition topics is that they are overly broad. The court has reviewed the challenged items, Doc. No. 94, Exhibit 1, pages 1 - 2, and finds that they are sufficiently narrow and specific to allow Lucent to make an informed designation of a corporate representative(s). For the reasons discussed below in connection with Plaintiffs' document request, however, Lucent's motion is granted to the extent that numbers 1(C) and 1(E) request testimony regarding "other similarly situated employee[s] of the Defendant." The motion is denied as to numbers 1(F) and 1(G) which request testimony regarding Lucent's employment practices in general rather than information regarding specific employees.

**Document Request**

Lucent objects to document request number 5 of Plaintiffs' deposition notice which calls for all writings/documents/things which relate to the areas of inquiry identified in the deposition notice. The request specifically sets forth various types of requested information: personnel files with third party communications, salary adjustment worksheets, grade change forms, "welcome back" letters, employee change request forms, and copies of the forms to be filled out in order to return from a management or salary position to a collective bargaining unit in use during 1999 through

6

2001.  Lucent maintains that Plaintiffs' request is not sufficiently particularized, leaving Lucent to speculate about the nature of the documents sought.

More specifically, to the extent that this request seeks personnel files and other documents pertaining to employees not involved in this litigation, Lucent objects, contending that discovery relating to other employees has no probative value with respect to the question of whether Lucent breached an enforceable contractual agreement with Plaintiffs.  Lucent contends that this same objection is applicable to document request number 6 which seeks information pertaining to any employee who was transferred from a management position back to a collective bargaining unit from 1999 through 2001 as well as to deposition subject area numbers 1(C), 1(E) and 1(F).  As discussed in connection with the deposition subject areas, *supra,* numbers 1(C) and 1(E) refer to other similarly related employees; number 1(F) calls for testimony related to the hiring of new employees into the collective bargaining unit or into management positions from 1999 through 2001.

With respect to document request numbers 1, 2, 3, and 4 of the deposition notice, Lucent contends that it has previously responded to similar requests and that Plaintiffs have not filed motions to compel in connection with such responses.  Accordingly, Lucent objects to these four requests as duplicative and/or unreasonably cumulative. Document request numbers 6 and 9, which request certain names and addresses, are challenged because they require a form of response not required by Rule 34, Fed.R.Civ.P, i.e., they require Lucent to <u>create</u> a document providing the requested information.

Finally, Lucent notes that Plaintiffs' deposition notice states that the deposition

will proceed under the guidelines established in *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D. Pa. 1993).  Lucent argues that *Hall* – a decision which establishes rules governing counsel's ability to confer with a deponent – has not been followed in the Tenth Circuit.

Plaintiffs respond, first to Lucent's objection concerning discovery relating to similarly situated employees, arguing that they are entitled to discover whether Lucent extended the same offer to other employees as it did to Plaintiffs and whether any such offers were honored.  As to document request numbers 1, 2, 3, and 4, Plaintiffs advise that they are seeking not duplicative documents as Lucent claims but only documents which have not been previously produced, i.e., any documents recently discovered by Lucent.  With respect to Lucent's claim that it would have to create documents in order to comply with production requests 6 and 9, Plaintiffs argues that Lucent "almost certainly has documents" which contain the requested information [Doc. No. 96, page 8]. Finally, as to Lucent's objection to Plaintiffs' statement that the deposition would proceed under the guidelines established in *Hall,* 150 F.R.D. 525, Plaintiffs "submit that they [are] well within its rights to rely upon *Hall* should the Defendant ever designate and produce (a) designated representatives for deposition." [Doc. No. 96, page 9].

Upon review of Plaintiffs' request for documents in their notice of deposition and of the parties' arguments regarding the same, the court concludes as follows:

1. Lucent's motion for protective order with regard to document request number 5 is granted to the extent that Lucent is not required to produce documents pertaining to employees not involved in this litigation.  This is a pure breach of contract action which cannot be proved by Lucent's

dealings with its other employees.   Documents pertaining to other employees not only lack relevance to Plaintiffs' particularized contracts and dealings with Lucent but the production of any employee documents, especially those dealing with personnel matters, implicates privacy issues. In all other respects, Lucent's motion is denied.   Plaintiffs' request is specific and relates to the subject matter of their claim.   Lucent has not met its burden of establishing that production of documents pertaining to these Plaintiffs and their limited claim is burdensome.

2.   Lucent's motion with respect to document production request number 6 is granted for the reason that Lucent is not required to produce documents pertaining to employees not involved in this litigation and for the additional reason that Lucent is not required to create a document which does not otherwise exist.

3.   Lucent's motion is denied as to document requests 1, 2, 3, and 4.   This ruling is based upon Plaintiffs' representation to this court that the requests are seeking only documents which may have recently been discovered by Lucent and not previously produced to Plaintiffs.

4.   Lucent's motion is granted as to document request number 9 for the reason that Lucent is not required to create a document which does not otherwise exist.

5.   For the reason that the guidelines established in *Hall,* 150 F.R.D. 525, are not recognized by local rule or by the Tenth Circuit, the court declines to

find that such guidelines should be applied in any deposition to be taken pursuant to the notice of deposition at issue here.

Accordingly, as set forth more fully herein, Lucent's motion for protective order [Doc. No. 93] is granted in part and denied in part.  Each party shall bear its own costs and fees.

**IT IS SO ORDERED** this 27th day of May, 2005.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE